UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ONTARIO LOGAN-PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:24-cv-526 |
| ) | |
| TRAVIS SCOTT WYATT, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT TRAVIS SCOTT WYATT'S NOTICE OF OBJECTION

Pursuant to Paragraph 24 of the Court's Initial Pretrial Order (ECF No. 12), Defendant Travis Scott Wyatt ("Trooper Wyatt"), by counsel, respectfully submits this Notice of Objection stating the nature of the discovery dispute the parties have been unable to resolve without Court intervention and citing the rules invoked in support of his position. Pursuant to Paragraph 24(b) of the Court's Initial Pretrial Order, undersigned counsel certifies that the parties have made a good faith effort to resolve this discovery dispute without involving the Court.[1]

**I.     INTRODUCTION**

In an apparent eleventh-hour realization that he should have hired his own expert to analyze and offer opinion testimony concerning location data from Plaintiff's phone, Plaintiff's counsel has improperly contacted Defendant's non-testifying consulting expert, Patrick Siewert, to do the same. Counsel's actions include not only issuing a subpoena *duces tecum* to Mr. Siewert and issuing a deposition subpoena on Mr. Siewert, but also shockingly initiating an ex parte call with Mr. Siewert.

---

[1] This Notice of Objection is being filed within five days of May 1, the discovery cutoff in this matter, because Plaintiff's counsel issued a deposition subpoena that is at the heart of this dispute only today.

Trooper Wyatt files this Notice of Objection seeking to: (1) quash the subpoena *duces tecum* and deposition subpoena[2] served on his retained, non-testifying expert and consultant, non-party ArcherHall, LLC, care of Patrick J. Siewert, which is impermissible under Federal Rule of Civil Procedure 26(b)(4)(D); and (2) instructing Plaintiff's counsel to cease and desist from any further ex parte communication with Mr. Siewert.

## II.   BACKGROUND

At the outset of discovery, Plaintiff produced four geotagged videos from his phone. *See* **Ex. 2**, Pl.'s Initial Disclosures at 6. These videos were produced to show that Plaintiff was at a commemorative gathering on the day of the incident underlying this case. **Ex. 3**, Pl.'s Supp. Responses to Def.'s First Interrogatories and Requests for Production of Documents, at 13–14. In addition, as part of his Initial Disclosures production, Plaintiff produced a screenshot purporting to be his iPhone "Significant Location" information from the day of the incident. *See* **Ex. 2**, Pl.'s Initial Disclosures at 6.

Having placed his phone in issue by including data purportedly taken from it in his Initial Disclosures production, over the course of two rounds of discovery deficiency letters from Trooper Wyatt,[3] Plaintiff reluctantly agreed to produce his phone for inspection, but only for data on the date of the incident. Ultimately, on March 13, 2025, pursuant to an agreed protocol executed by the parties and Trooper Wyatt's retained expert Patrick Siewert,[4] Mr. Siewert performed a collection from Plaintiff's iPhone, and on April 3, 2025, produced the data he obtained pursuant

---

[2] The subpoena *duces tecum* and deposition subpoena are attached hereto as **Exhibit 1**.
[3] **Ex. 4**, Dec. 19, 2024, Letter from Hammer to Krudys; **Ex. 5**, Jan. 2, 2025, Letter from Krudys to Hammer; **Ex. 6**, Jan 3, 2025, Letter from Hammer to Krudys; **Ex. 7**, Jan 10, 2025, Letter from Krudys to Hammer.
[4] **Ex. 8**, Agreed Protocol Regarding Collection and Analysis of Data from Plaintiff's Mobile Phone.

to the parties' agreed parameters. **Ex. 9**, Apr. 3, 2025, Email from Siewert to Krudys and Zemel (providing a link to "scope-limited data from the Logan-Patterson phone").

Now, realizing his mistakes of not producing data from his phone in a reliable form that could be authenticated, and not obtaining and disclosing his own retained forensic expert to testify about that data, Plaintiff seeks to invade communications with Trooper Wyatt's retained expert protected by the attorney-client privilege and materials protected by the work product doctrine. On Saturday, April 19, Mr. Krudys emailed undersigned counsel to inform Trooper Wyatt that Plaintiff was "considering moving to amend the scheduling order to ensure that the tech expert's findings and related actions are admissible at trial." **Ex. 10**, Apr. 19, 2025, Email from Krudys to Hammer. Mr. Krudys also asked if Trooper Wyatt would "agree to a stipulation concerning the downloading, analysis of, and results from, [Plaintiff's] phone." *Id.* No draft stipulation was attached. *Id.*

Then, in a troubling development, on the morning of Tuesday, April 22, 2025, Mr. Krudys called Trooper Wyatt's retained, non-testifying expert by phone and spoke with him about this case without the knowledge or permission of Trooper Wyatt's counsel. **Ex. 11**, Siewert Decl., ¶¶ 4–6. After introducing himself and explaining his relationship to Trooper Wyatt's case, Mr. Krudys told Mr. Siewert that he had received the data Mr. Siewert provided from Plaintiff's phone and believed it was favorable to Plaintiff's case. *Id.* ¶¶ 5–6. When undersigned counsel asked Mr. Krudys to explain his actions, he brushed it off as "perfectly fine" and asserted that counsel's "suggestion otherwise is nonsensical." **Ex. 12**, Apr. 23, 2025, Email from Krudys to Hammer.

Finally, before hearing back from undersigned counsel regarding his contemplated motion to amend the Court's scheduling order and request to enter into a stipulation, Mr. Krudys issued a subpoena *duces tecum* on Mr. Siewert. **Ex. 13**, Apr. 22, 2025 Email from Krudys to Hammer; **Ex.**

3

**14**, Apr. 22, 2025, Email from Neelley to Siewert (attaching subpoena *duces tecum*). The broadly worded subpoena requested "[a]ny and all documents…including…the *entire case file*, any analysis, and *any related communications*," and [a]ny and all documents and tangible things reflecting, referring, or relating to any other *work product* or analysis by You in the above-styled case." **Ex. 14** at subpoena attachment (emphasis added). Finally, today Mr. Krudys issued a deposition subpoena on Mr. Siewert seeking to take his deposition this Wednesday, April 30. **Ex. 1** at 5.

### III.   NATURE OF DISPUTE AND RULES INVOKED

The discovery from Trooper Wyatt's retained, non-testifying expert that Plaintiff seeks is impermissible under Federal Rule of Civil Procedure 26(b)(4)(D), and the ex parte phone conversation Plaintiff's counsel initiated with Mr. Siewert is not only impermissible under the Federal Rules but may also have violated the Virginia Rules of Professional Conduct.

> **A. The document and deposition discovery Plaintiff seeks from Trooper Wyatt's retained, non-testifying expert is impermissible under Federal Rule of Civil Procedure 26(b)(4).**

The Federal Rules impose strict limitations on expert discovery, and particularly non-testifying experts. As to experts employed only for trial preparation, Rule 26 provides:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> (i) as provided in Rule 35(b); or
>
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D).

Thus, Plaintiff may only "discover facts known or opinions held by" Mr. Siewert, Trooper Wyatt's non-testifying expert, by mental or physical examination under Rule 35(b)—which

4

Plaintiff does not seek—or "on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D); *id.* R. 26(b)(4)(D)(i)–(ii). "The party resisting production bears the burden of demonstrating the information sought is entitled to protection under Fed. R. Civ. P. 26(b)(4)(D), and the party seeking disclosure bears the 'heavy burden' of demonstrating 'exceptional circumstances' to justify discovery of any protected information." *H/S Wilson Outparcels, LLC v. Kroger Ltd. P'ship I*, No. 5:15-CV-591-RJ, 2018 U.S. Dist. LEXIS 51654, at *6 (E.D.N.C. Mar. 28, 2018) (citation omitted).

"Courts have found exceptional circumstances where 'the object or condition observed by the non-testifying expert is no longer observable by an expert of the party seeking discovery,' or 'there are no other available experts in the same field or subject area.'" *Id.* at *7 (quoting *Disidore v. Mail Contractors of Am., Inc.*, 196 F.R.D. 410, 417 (D. Kan. 2000); *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1152 (N.D. Ill. 2001)).

There is no question that the information Plaintiff seeks is protected under Rule 26(b)(4)(D). As Plaintiff himself has acknowledged in his emails seeking Trooper Wyatt's cooperation in amending the Court's scheduling order, and as expressly stated in the protocol establishing the parameters of Mr. Siewert's collection and analysis of data from Plaintiff's phone, Mr. Siewert is Trooper Wyatt's retained, non-testifying expert. And Mr. Krudys's broadly worded subpoena which demands the "entire case file," "all communications," and even Mr. Siewert's "work product" expressly seeks information protected by the attorney-client privilege and work product doctrine that is precisely what Rule 26(b)(4)(D) is designed to shield from disclosure.

Moreover, Plaintiff cannot demonstrate any good reason, much less satisfy the "heavy burden" of showing exceptional circumstances, to justify discovery of the protected material. The

5

circumstances here show the polar opposite: Plaintiff has had ample opportunity to obtain facts or opinions on the subject of Mr. Siewert's work—collection and analysis of data from ***Plaintiff's own phone***—throughout the entirety of this litigation and even before it began. Indeed, Plaintiff knew he would be relying on data from his iPhone to prove his case as early as October 7, 2024, when he served his Initial Disclosures on Trooper Wyatt and produced four geotagged videos from his iPhone and a screenshot purporting to be his iPhone "Significant Location" information. *See supra* at 2. Plaintiff should not be rewarded for his dilatory conduct and his own decision not to produce data from his phone in a reliable form that could be authenticated, particularly when he resisted Trooper Wyatt's reasonable and legitimate discovery requests to inspect his phone. Plaintiff's goal in issuing a document subpoena on Mr. Siewert and seeking deposition testimony from him is crystal clear: to invade the attorney-client privilege and obtain attorney work product. Indeed, the subpoena ***expressly sought*** work product in the possession of Mr. Siewert.

Because discovery from non-testifying experts is impermissible absent a showing of exceptional circumstances and Plaintiff not only cannot make such a showing but should not be rewarded for choosing not to provide and resisting the very discovery he now seeks, the Court should quash Mr. Krudys's subpoena *duces tecum* and deposition subpoena on Mr. Siewert. *E.g.*, *TRI Invs., Inc. v. Aiken Cost Consultants, Inc.*, No. 2:11cv4, 2011 U.S. Dist. LEXIS 129013, at *5–6 (W.D.N.C. Nov. 7, 2011) (quashing deposition subpoena on non-testifying expert pursuant to Rule 26(b)(4)(D)).

### B. Plaintiff's counsel's ex parte communications with Trooper Wyatt's retained, non-testifying expert violated Rule 26(b)(4).

"There is a scarcity of case law on the issue of ex parte contact with expert witnesses, possibly because the violation seldom happens." *Erickson v. Newmar Corp.*, 87 F.3d 298, 302 (9th Cir. 1996).

In *Erickson*, the Ninth Circuit looked to two ethics opinions interpreting Rule 26(b)(4) that concluded "an attorney violates an ethical duty when the attorney has ex parte contact with the opposing party's expert witness." *Id.* at 302 (citing ABA Comm. on Ethics and Professional Responsibility, Formal Op. 93-378 (1993); Or. St. Bar Ass'n, Formal Op. 1992-132 (1992)). The court reasoned that opposing counsel's offer of employment to the plaintiff's expert for work on an unrelated case, which occurred without plaintiff's knowledge or consent in a conversation just prior to the expert's deposition, "entirely circumvented the discovery rules because [opposing counsel] achieved unsupervised access to plaintiff's expert." *Id.*; *see also Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 26–27 (9th Cir. 1980) (affirming district court's order denying Gemini's request to take deposition of opposing side's expert and precluding Gemini from calling opposing side's expert to testify at trial where Gemini made several ex parte contacts with expert, characterizing Gemini's ex parte contacts as a "flagrant abuse[] of the discovery process").

Similarly, in *Sewell v. Maryland Department of Transportation*, another district court in the Fourth Circuit was confronted with this rare circumstance. 206 F.R.D. 545 (D. Md. 2002). In *Sewell*, without the permission of defendant's counsel, plaintiff's counsel attempted but was unable to reach defendant's expert by phone and faxed the expert a letter. *Id.* at 546. Plaintiff's counsel also left messages for defendant's expert and had a phone conversation with defendant's expert during which the expert's psychiatric evaluation and report were discussed. *Id.* When defendant's counsel confronted plaintiff's counsel regarding these contacts, plaintiff's counsel

7

stated that "he could do what he wanted." *Id.* (internal quotation marks omitted).

Citing *Erickson*, the *Sewell* court said, "The conduct of plaintiff's counsel in regard to [Defendant's expert] has been totally inappropriate" and noted it was "troubled" by the representation of defendant's counsel that plaintiff's counsel said "he could do what he wanted." *Id.* at 547 (internal quotation marks omitted). Granting the plaintiff's motion for a protective order, the court held that defendant's counsel violated Rule 26(b)(4). *Id.*

In *Balfour Beatty Infrastructure, Inc. v. PB&A, Inc.*, the court addressed ex parte contact with the plaintiff's non-testifying expert from prior, related litigation. 2017 U.S. Dist. LEXIS 35806, at *4–11 (N.D. Cal. Mar. 13, 2017). The facts of *PB&A* are very similar to this case: there, PB&A's counsel had ex parte discussions with Balfour Beatty's expert about a document subpoena and deposition scheduling. *Id.* at *14. Finding that the matter was "not a close question," the court found PB&A's characterization of its contacts with Balfour Beatty's expert as mere "administrative contact" "meritless," and held that the ex parte contacts by PB&A's counsel were improper. *Id.* at *14–15. It stopped short of disqualifying PB&A's counsel but prohibited PB&A's counsel from any further ex parte contact with Balfour Beatty's expert. *Id.* at *20–21.

Finally, in *Sanderson v. Boddie-Noell Enterprises*, plaintiff's counsel, frustrated that defendant's counsel had retained local meteorologist John Bernier as its expert after plaintiff's counsel had previously been told Mr. Bernier was prohibited from such outside work, called Mr. Bernier's employer to complain. 227 F.R.D. 448, 449–50 (E.D. Va. 2005) (Payne, J.). Mr. Bernier's management then told him he would not be permitted to testify. *Id.* While the court found that plaintiff's counsel had not violated Rule 26(b)(4) because he had not contacted Mr. Bernier directly, it held that plaintiff's counsel violated Virginia Rule of Professional Conduct 3.4(a) and imposed sanctions. *Id.* at 452, 454–55.

8

Similar to *PB&A*, this matter is not a close call. While Mr. Krudys will likely attempt to frame his ex parte discussion with Trooper Wyatt's retained, non-testifying expert as harmless and administrative in nature as he did in his email response when confronted by undersigned counsel, Mr. Siewert's sworn declaration directly contradicts that assertion. Mr. Krudys did not merely ask Mr. Siewert if he would agree to accept service of a document subpoena, Mr. Krudys also expressed his point of view on the data that Mr. Siewert provided to the parties pursuant to their agreed protocol in a thinly veiled attempt to elicit Mr. Siewert's opinion on the meaning of the data. This conduct was highly improper, and like the *Sewell* court, this Court should be troubled by Mr. Krudys's claim that his conduct was "perfectly fine" and that undersigned counsel's "suggestion otherwise is nonsensical."

For all of those reasons, this Court should issue a protective order prohibiting Plaintiff's counsel from any further ex parte communication with Trooper Wyatt's expert.

**IV.    CONCLUSION**

Trooper Wyatt respectfully submits the summary above to facilitate the Court's understanding of the discovery dispute at issue and will cooperate in good faith with Plaintiff to develop the Joint Statement and Discovery Dispute Chart within 14 days consistent with the requirements of the Court's Pretrial Order.

Respectfully submitted,

Dated: April 28, 2025               **TRAVIS SCOTT WYATT**

By: _/s/ Stanley W. Hammer_
Stanley W. Hammer (VSB No. 82181)
R. Cooper Vaughan (VSB No. 92580)
Assistant Attorneys General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 200-4216
Facsimile: (804) 371-2087
shammer@oag.state.va.us
cvaughan@oag.state.va.us
*Counsel for Defendant Travis Scott Wyatt*

10

**CERTIFICATE**

I hereby certify that on April 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                                                                                            */s/ Stanley W. Hammer*
                                                                                                            Stanley W. Hammer
                                                                                                            Assistant Attorney General
                                                                                                            *Counsel for Defendant Travis Scott Wyatt*