**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

ONTARIO LOGAN-PATTERSON,

      Plaintiff,

    v.                             Case No.: 3:24-cv-526

TRAVIS SCOTT WYATT,

      Defendant.

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT WYATT'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Court's Local Rules, Plaintiff Ontario Logan-Patterson, by counsel, hereby provides the following Responses to Defendant Wyatt's First Interrogatories and Requests for Production of Documents.

### PRELIMINARY STATEMENT

When Plaintiff makes his answers, word usage and sentence structure may be that of counsel/their staff who assisted in the preparation of the answers and not necessarily the precise language of Plaintiff. Additionally, when Plaintiff makes his answers, he will be including non-privileged information known to his attorneys. Responses will be based on information available as of the time of answering.

### RESPONSES TO REQUESTS FOR PRODUCTION

1. All documents that support your allegations and claims in the Complaint and/or that were used or referenced in preparation of your answers to the First Set of Interrogatories.

**OBJECTION:** Plaintiff objects to producing any protected attorney-client communications or work product.

1

**RESPONSE:** Plaintiff has and/or will produce the non-privileged responsive documents in his possession.

2. All documents cited, identified, referenced, and/or otherwise mentioned in the Complaint, including but not limited to the "other documentary evidence demonstrating Ontario's innocence and the falsity of Trooper Wyatt's attestations" referenced on page one of the Complaint, the three-page "police narrative" referenced in Paragraph 40 of the Complaint, the "first report" and "second report" referenced in Paragraph 41 of the Complaint, and the "exculpatory evidence" referenced in Paragraph 43 of the Complaint.

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has and/or will produce the responsive documents in his possession.

3. All documents concerning or describing the Incident, including any written notice or statement, that you have delivered, mailed, provided, submitted, or otherwise transmitted to any person, excluding any documents that are direct communications solely between you and your attorney(s).

**OBJECTION:** Plaintiff objects to producing any protected attorney-client communications or work product.

**RESPONSE:** Plaintiff has and/or will produce any non-privileged responsive documents in his possession.

4. Excluding documents from undersigned counsel, all documents that you have

2

received from the Commonwealth of Virginia, any locality, any state or local agency, any public body, or any person employed by these entities, concerning the Incident.

**OBJECTION**: No objection.

**RESPONSE**: Plaintiff has and/or will produce responsive documents in his possession.

5. All documents concerning the juvenile proceedings instituted against you by the Petitions filed on December 15, 2023, alleging unlawful and felonious failure to stop for a police officer after being given an activated light, unlawful possession of a firearm under the age of 18, and unlawful and felonious receipt of stolen goods.

**OBJECTION**:  No objection, but responsive documents should be subject to a protective order.

**RESPONSE**: Plaintiff has and/or will produce responsive documents in his possession.

6. All documents concerning this lawsuit that you have received in response to a request made by you or by any person on your behalf, pursuant to the Virginia Freedom of Information Act or the federal Freedom of Information Act.

**OBJECTION**: No objection.

**RESPONSE**: Plaintiff did not make any requests pursuant to the Virginia Freedom of Information Act or the federal Freedom of Information Act and therefore has no responsive documents.

7. Copies of all subpoenas for documents that you have issued in the course of this

action and all documents that you have received in response to any such subpoena for documents.

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has and/or will produce responsive documents in his possession.

8. All documents related to any complaints concerning the Incident that you or a member of your family have provided or submitted to any person, excluding direct complaints solely between you and your attorney(s).

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has and/or will produce responsive documents in his possession.

9. Any written or recorded statement, affidavit, or declaration that you and/or any person acting on your behalf has obtained from any witness identified in your answers to the First Set of Interrogatories.

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has and/or will produce all responsive, non-privileged documents in his possession.

10. All documents that you plan to use to support your claim in Count I of the Complaint.

**OBJECTION:** Plaintiff objects to producing any protected attorney-client communications or work product.

**RESPONSE:** Plaintiff has and/or will produce all responsive, non-privileged documents in his possession.

4

11. All documents that you plan to use to support your claim in Count II of the Complaint.

**OBJECTION:**  Plaintiff objects to producing any protected attorney-client communications or work product.

**RESPONSE:**  Plaintiff has and/or will produce all responsive, non-privileged documents in his possession.

12. All documents that you plan to use to support your claim in Count III of the Complaint.

**OBJECTION:** Plaintiff objects to producing any protected attorney-client communications or work product.

**RESPONSE:**  Plaintiff has and/or will produce all responsive, non-privileged documents in his possession.

13. All documents that you plan to use to support your claim in Count IV of the Complaint.

**OBJECTION:**  Plaintiff objects to producing any protected attorney-client communications or work product.

**RESPONSE:**  Plaintiff has and/or will produce all responsive, non-privileged documents in his possession.

14. Copies of all driver's or operator's licenses or permits issued to you.

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has never had a driver's or operator's license or permit.

15. Complete driving records/transcripts from all jurisdictions in which you have held driver's or operator's licenses or permits.

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has never had a driver's or operator's license or permit.

16. Documents sufficient to show all of your employment from January 1, 2023, to the present date, including the name and address of the employer, the dates of employment, your title and duties, and your reason for leaving.

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff will provide any responsive documents in his possession, custody, or control, and notes the following:

Plaintiff was employed at Sky Zone at 1345 Carmia Way, Richmond, VA 23235 as a Flight Crew. He worked there from February 2022 until he was arrested. His reason for leaving was inability to work due to arrest.

Plaintiff was employed at Spirit Halloween at 4501 S Laburnum Ave, Richmond, VA 23231 as an Associate from August 2024 to August 2024. His reason for leaving was seeking professional growth.

Plaintiff has been employed at Amazon at 5901 Richmond Henrico Turnpike, Richmond, VA 23227 as a Stower. He has been employed from August 2024 to present.

17. All documents, including mobile phone logs, capturing, demonstrating, or reflecting all mobile telephone calls that you made or received on December 11, 2023, including the date, time, duration, and phone number associated with each call.

**OBJECTION:** No objection.

**RESPONSE:**  None.

**SUPPLEMENTAL RESPONSE:** Plaintiff does not recall making any phone calls on that day. Plaintiff's phone records do not go back to the date of the incident, see OLP000204.

18. All messages that you sent to or received from any person from December 4, 2023, to and including December 11, 2023, including but not limited to text messages and social media messages (e.g., Instagram, Facebook, Twitter, TikTok, Snapchat) and excluding messages solely between you and your attorney(s).

**OBJECTION:** Plaintiff objects because the request is overly broad and far exceeds the scope of the lawsuit. The content of Plaintiff's personal messages he sent or received during that week are not relevant to any aspect of his claims against Trooper Wyatt.

**RESPONSE:**  Without waiving said objections, Plaintiff has no responsive documents related to the Incident.

**SUPPLEMENTAL RESPONSE:** Please see Plaintiff's supplemental response to Request for Production #19.

7

19. A complete download of all content and information from your social media accounts (e.g., Instagram, Facebook, Twitter, TikTok, Snapchat) from December 4, 2023 to present, specifically including all content and information related to the Incident and your claimed damages.

**OBJECTION**: Plaintiff objects because the request is overly broad and far exceeds the scope of the lawsuit. Any content on Plaintiff's social media accounts unrelated to his wrongful arrest and damages stemming therefrom is not relevant to any aspect of his claims against Trooper Wyatt.

**RESPONSE**:  Without waiving said objections, Plaintiff made one social media post on Instagram about the Incident showing his bruised wrists after being handcuffed, which he then deleted shortly after. He has no record of that post. He has posted no other content about the Incident.

**SUPPLEMENTAL RESPONSE:** Plaintiff has provided additional responsive messages.


20. Excluding only direct emails solely between you and your attorney(s), all emails that you have sent to or received from any person on or after December 11, 2023, addressing, concerning, discussing, or relating to the Incident or any of the facts and circumstances alleged in the Complaint.

**OBJECTION:** No objection.

**RESPONSE:**  Plaintiff sent/received no emails about the Incident.  Plaintiff has provided certain emails relating to the Incident sent by or received from Mr. Shabazz.

21. All messages, including but not limited to text messages and social media messages (e.g., Instagram, Facebook, Twitter, TikTok, Snapchat), that you have sent to or received from any person on or after December 11, 2023, addressing, concerning, discussing, or relating to the Incident or any of the facts and circumstances alleged in the Complaint, excluding messages between you and your attorney(s).

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has provided certain emails relating to the Incident sent/received from Mr. Shabazz.

**SUPPLEMENTAL RESPONSE:** Plaintiff has provided additional responsive messages.

22. All documents reflecting communications or correspondence between you and any witness identified in your answers to the First Set of Interrogatories, that concern the Incident, any of the facts and circumstances alleged in the Complaint, or this lawsuit.

**OBJECTION:** No objection.

**RESPONSE:** None.

23. All affidavits, declarations, written statements (whether sworn or not), or any other recitations by any person, referring or relating to, or reflecting any of the allegations, events, facts, circumstances, or incidents alleged in the Complaint.

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has provided certain documents relating to the Incident sent by or received from Mr. Shabazz.

9

**SUPPLEMENTAL RESPONSE:** Plaintiff has provided additional responsive messages.

24. All photographs, videos, and audio recordings concerning or of the Incident.

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has provided responsive documents in his possession.

25. All photographs, videos, and audio recordings taken of or by you on December 11, 2023.

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has already provided the responsive documents.

26. All documents, photographs, videos, and any other things that demonstrate your location and whereabouts throughout the day of December 11, 2023.

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has already provided the responsive documents.

27. All documents that you intend to offer into evidence at trial or that will be used for demonstrative purposes at the trial of this matter.

**OBJECTION:** Plaintiff objects to being asked to provide information in advance of the dates set out in the applicable Scheduling Order.

**RESPONSE:** Plaintiff will designate his evidence in accordance with the applicable Scheduling Order.

28. All documents relating to any civil action or lawsuit, criminal proceeding, or administrative proceeding in which you have been a party or that you identified in your answers to the First Set of Interrogatories.

**OBJECTION:** No objection.

**RESPONSE:** Any responsive documents have already been provided or are provided herewith.

29. All communications and correspondence—in any form—between you and any person identified in the Complaint or in your Initial Disclosures, excluding communications and correspondence between you and your attorney(s).

**OBJECTION:** The request is overly broad, and unduly burdensome as it covers almost all communication within the Patterson family and with their neighbors. Such an invasion of privacy is reasonably calculated to provide evidence in this matter. The previous requests cover the relevant communications concerning the events giving rise to these claims.

**RESPONSE:** Without waiving said objections, Plaintiff has and/or will produce responsive documents relating to the Incident in his possession.

30. All documents that in any way support your claim(s) for the damages that you are asserting in the Complaint and in connection with this litigation including but not limited to, loss of wages, loss of income/profits, loss of earning capacity, loss of benefits, mental and physical health care expenses, attorney fees, and costs.

11

**OBJECTION:** Plaintiff objects to producing any protected attorney-client communications or work product.

**RESPONSE:** Plaintiff has and/or will produce responsive documents relating to the Incident in his possession.

31. All documents, including but not limited to credit card statements and receipts, showing the purchases you made on December 11, 2023.

**OBJECTION**: No objection.

**RESPONSE**: Plaintiff did not make any purchases on December 11, 2023 and has no credit card.

32. All documents referenced in your Initial Disclosures.

**OBJECTION:** No objection.

**RESPONSE:** Plaintiff has and/or will produce responsive documents in his possession.

33. Please produce, for inspection and copying by a forensic professional, at a time and location to be agreed upon between the parties, the mobile phone that was in your possession and control on December 11, 2023, and if different, the phone referenced in your Initial Disclosures from which you state you obtained your photographs, videos, and location data.

**OBJECTION:** Plaintiff objects because the request is overly broad and far exceeds the scope of the lawsuit. Plaintiff further objects because the request is unnecessarily intrusive and is not reasonably calculated to lead to admissible evidence relevant to the claims in this matter.

12

**RESPONSE:** See the above objection.

**SUPPLEMENTAL RESPONSE:** Plaintiff agrees to a third-party review of his phone for only activity occurring on December 11, 2023. Plaintiff's representative must be present during the review. No "photographs, videos, [or] location data" from dates other than December 11, 2023 are relevant to any asserted claims or defenses in this matter.

## RESPONSES TO INTERROGATORIES

1. Provide a complete and detailed account of where you were on December 11, 2023, to include times of arrival and departure, the identity of all other persons present at each location, how and with whom you traveled to and from each location, and identify what you were wearing at each time and location, with reference to any documents, photographs, videos, and any other things that demonstrate your location and whereabouts as requested in Defendant's Request for Production No. 26. To the extent you traveled by car, identify that car including its make, model, owner, and plate number.

**OBJECTION:** Objection, the interrogatory is overly broad and not reasonably calculated to provide useable information in this matter.

**ANSWER:** Without waiving said objection, on December 11, 2023, Plaintiff attended a birthday party for his niece, Jai-Mya Londyn Thomas. Among the attendees were Parres Price and Daldricka Price. Plaintiff was wearing light wash denim skinny jeans (shown in videos OLP000052-55), a white Guess shirt, and black hoodie, which he wore for the duration of the day until he arrived home and began to change into his home clothes.

Plaintiff and his mother were driven to and from the party by Daldricka Price. Her car, a Kia Optima, license plate WTE4057, is owned by Ms. Price.

**SUPPLEMENTAL ANSWER:** In the late morning on December 11, 2023, Plaintiff and his mother were driven by Daldricka Price to the commemorative gathering[1] at Daldricka's house. The attendees at the house gathering were Parres Price, Jai'Mya Londyn Thomas[2] (Parres' daughter, shown in videos OLP000052-55), Daldricka Price, and several of Daldricka's family members and close friends. Plaintiff was wearing light-wash denim skinny jeans (shown in videos OLP000052-55), a white Guess shirt, and black hoodie, which he wore for the duration of the day until he arrived home after the gathering and began to change into his home clothes. Daldricka's house is located at Walmsley Boulevard, Richmond, Virginia.

In the early afternoon, Plaintiff needed to retrieve his laptop to work on a school assignment, so Daldricka drove him and his mother to their house to pick up the laptop before driving them back to Daldricka's house, where they remained until it started getting dark. Daldricka then drove Plaintiff and his mother home. Daldricka's car, a Kia Optima, license plate WTE4057, is owned by Daldricka.

2. For each document produced in response to Defendants' Request for Production 25 and 26, identify who created or recorded the document, who appears in it, and the time and location it was recorded or created.

**OBJECTION:** No objection.

---

[1] Jai'Mya's first birthday party was on December 15, and Plaintiff understood the gathering to be an early birthday celebration for Jai'Mya, though the gathering was also to commemorate the anniversary of the passing of Daldricka's son.
[2] Plaintiff considers Jai'Mya to be his niece due to the close family ties between the Patterson and Price families, though they have no blood relation.

14

**ANSWER:** The videos produced in response to Defendant's Request for Production 25 and 26 were taken by Plaintiff. In videos 1, 2, 3, and 4, (OLP000052-55) Plaintiff's niece, Jai-Mya Thomas, appears in the video with Plaintiff himself speaking to the camera.

3. Do you, or any member of your family (including but not limited to your mother, father, siblings, or other household or family members), currently use or have you ever used any location tracking/family safety apps or services (i.e., any application or service designed to track or monitor the physical location of individuals or devices, as well as services that provide notifications or alerts for safety purposes, including, but not limited to, Life360, Find My Friends, Google Family Link, or similar services), and if you have used such an app or service, please identify each such app or service, and include the following information:

    a. The name of the app or service;

    b. The account holder(s) or registered user(s) associated with the app or service;

    c. The contact information (including email address, phone number, and any other identifying information) associated with the account;

    d. The dates during which you and/or member(s) of your family used the app or service;

    e. A listing of the individuals who used the app or service;

    f. The device(s) (including phone, tablet, or other electronic devices) on which the app or service was used, including model information and any identifying numbers (e.g., IMEI, device serial number, etc.);

    g. Whether the app or service was used to share location data, and if so, specify the frequency and duration of such location sharing.

If at one time you used such an app or service but no longer use the app or service, please provide the date on which you ceased using each app or service, and the reason for discontinuing its use.

**OBJECTION**: No objection.

**ANSWER**: Plaintiff and Plaintiff's family members did not have any location tracking apps or services at the time of the Incident. Plaintiff's family only started using the Life360 app in November 2024.

4. Please describe in detail all damages you claim to have suffered as a result of Defendant's alleged conduct in this case, including but not limited to:

a. Economic Damages: Specify any lost wages, medical expenses, legal fees, or other financial losses you have incurred. Include the amounts, dates, and supporting documentation.

b. Emotional Distress: Describe any emotional or psychological harm you have experienced due to Defendant's alleged conduct. Include details regarding any diagnosis, treatment received, and the duration and intensity of your distress.

c. Reputation Damage: Explain how your reputation has been affected, including any specific instances where you believe your reputation was harmed, due to Defendant's alleged conduct. Include details about how this has impacted your personal and professional life.

d. Impact on Daily Life: Detail any changes to your daily activities, relationships, or overall quality of life resulting from Defendant's alleged conduct.

e. Other Damages: Identify and describe any other damages you believe you have suffered that are attributable to Defendant's alleged conduct, including any noneconomic

16

damages.

For each category of damage, provide supporting documentation, including but not limited to receipts, bills, medical records, and/or witness statements.

**OBJECTION:** No objection.

**ANSWER:** Plaintiff's life was severely and negatively affected by Defendant Wyatt's wrongful actions. He was grabbed, detained, and questioned without his mother or lawyer present. He was arrested, charged, and detained for months – both at a detention center and then by ankle monitor. Without Plaintiff's permission, Wyatt shoved a swab into Plaintiff's mouth, presumably obtaining DNA evidence. His school life was greatly disrupted, especially in his senior year as he was readying for graduation and applying to join the Navy. His good reputation, with, among others, teachers, friends, acquaintances, and then-current and future employers, was sullied. He lost his job at Sky Zone where he had been employed for a year once he was arrested. His faith in the police has been eroded. Plaintiff's school, personal, and career trajectory have forever been negatively altered by Wyatt's malicious actions. Wyatt's malicious actions have resulted in personal, financial, and psychological damages in an amount that will have to be determined by a jury.

5. State all facts that support your contention that Defendant acted with malice.

**OBJECTION:** No objection.

**ANSWER:** *See* the Complaint

**SUPPLEMENTAL ANSWER:** Trooper Wyatt seized Plaintiff without probable cause, was forced to release him by other officers on the scene, and then days later filed an affidavit full of misrepresentations and material omissions causing the detention of Plaintiff. Then he submitted

a three-page "police narrative," which added a new material misrepresentation and altered his timeline.

6. State all facts that support your contention that Trooper Wyatt's "affidavit has many material misrepresentations and omissions," Compl. ¶ 33, separately identifying each alleged misrepresentation or omission, and describing in detail why you believe each alleged misrepresentation or omission was material to the determination of probable cause.

**OBJECTION:** No objection.

**ANSWER:** *See* the Complaint,.

**SUPPLEMENTAL ANSWER:** The affidavit states that Wyatt could conclusively identify Plaintiff as the driver of the Charger—an objectively unreasonable conclusion. As stated in the Complaint, this conclusion is objectively unreasonable for numerous reasons. First, Ring camera footage shows the suspect wearing a gray hoodie, and later, a white shirt. Wyatt similarly described the suspect as wearing white when he radioed the other officers. Plaintiff and his mother both wore black; Wyatt even collected the black hoodie as evidence. Second, the suspect was shorter to average height, but Plaintiff stands six feet, four inches tall. Third, Trooper Wyatt's previous representation over the radio that the suspect had been wearing a ski mask is tellingly gone from his affidavit.

Further, Trooper Wyatt's statement that Plaintiff told him he'd "jogged back inside the house" after seeing Trooper Wyatt is an outright lie.

Additionally, Trooper Wyatt also misrepresents his own actions. He says he has saw the suspect flee into the Pattersons' home, yet camera footage proves that false. The Ring camera footage shows Trooper Wyatt stopped chasing the suspect from some distance away, from where

18

he could not possibly have seen the Pattersons' home. And Wyatt's own dashcam shows he returned to his patrol vehicle before confronting Ms. Patterson outside of her home. Trooper Wyatt's contention that he watched to make sure no one entered or exited the Pattersons' home is demonstrably false.

Lastly, Wyatt omitted numerous material facts from his affidavit. He did not mention that other officers at the scene disagreed with Wyatt's determination of Plaintiff's guilt and kept telling him to let Plaintiff go. He left out the K-9 units and aviation searching for the suspect long after Plaintiff had been forced into Trooper Wyatt's backseat. And he mentions only one gun in his report: "a Black Glock semiautomatic gun loaded and 1 round in the chamber" which he said he located at or near "a red dumpster." There was no mention of the gun retrieved from the Charger by the other officer.

Then, on January 5, 2024, Trooper Wyatt submitted another written narrative describing his version of the events of December 11, 2023. This three-page "police narrative" drafted by Trooper Wyatt adds a new misrepresentation, noting that the three witnesses to the crash stated, "the individual detained looks just like the suspect but is not him." The witnesses can be heard on Trooper Wyatt's dash camera footage reiterating that Plaintiff was not the driver of the car.[3]

Even more maliciously, Trooper Wyatt alters his timeline. In his first report, he stated that after he allegedly saw the suspect enter an apartment, he "stood by the apartment complex and made sure no one entered or exited the apartment for approximately 15 minutes." However, in his second report, he changes his narrative and says he "stopped pursuing and maintained a visual on the apartment complex while waiting for additional units to arrive. After approximately

---

[3] As noted in the Complaint, when Trooper Wyatt pushes back on this assertion, one witness can even be heard inquiring as to the obvious height discrepancy between Ontario and Zay, asking, "How tall was the other dude (Zay)?"

5 minutes a female exited…she stated her only son…just got home approximately 5 minutes ago." Regardless of which version Trooper Wyatt sticks with, both are false. Video evidence shows Trooper Wyatt could not have had been watching the comings and goings of the Patterson home that entire time.

ONTARIO LOGAN-PATTERSON,

By: _____
                   Counsel

Mark J. Krudys (VSB# 30718)
Daniel Zemel (VSB# 95073)
THE KRUDYS LAW FIRM, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, Virginia 23219
804.774.7950 Phone
804.381.4458 Fax
mkrudys@krudys.com
dzemel@krudys.com
*Counsel for Plaintiff*

20

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January 2025, I sent a true copy of the foregoing by

Email to:

> Stanley W. Hammer, Assistant Attorney General
> R. Cooper Vaughan, Assistant Attorney General
> Office of the Attorney General
> 202 North Ninth Street
> Richmond, Virginia 23219
> Telephone: (804) 200-4216
> Facsimile: (804) 371-2087
> shammer@oag.state.va.us
> cvaughan@oag.state.va.us
> *Counsel of Record for Defendant Travis Scott Wyatt*

By: _____
            Counsel