

# COMMONWEALTH *of* VIRGINIA
*Office of the Attorney General*

**Jason S. Miyares**
Attorney General

202 North 9th Street
Richmond, Virginia 23219
804-786-2071
FAX 804-786-1991
Virginia Relay Services
800-828-1120

**BY EMAIL (mkrudys@krudys.com)**
Mark J. Krudys
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA  23219

Re:   *Ontario Logan-Patterson v. Travis Scott Wyatt*, No. 3:24-cv-526 (E.D. Va.)
Deficiency Letter – Plaintiff's Responses and Objections to Trooper Wyatt's First Set of Requests for Production and Interrogatories

Dear Mark,

On behalf of Trooper Wyatt, I am writing to confer regarding Plaintiff's Responses and Objections to Trooper Wyatt's First Set of Requests for Production ("RFPs") and First Set of Interrogatories. Please inform me of Plaintiff's position regarding the below so that we can attempt to resolve these issues in a timely manner without court intervention.

**Clarification Needed for Certain Responses (Requests for Production 17, 21, 22, 23)**

Plaintiff's response to **RFPs 17** and **22** is "None," while elsewhere Plaintiff responds by stating that he "has no responsive documents." Please confirm that Plaintiff's response of "None" means that Plaintiff does not have any responsive information.

**RFP 21** requests messages, including text and social media messages, that Plaintiff sent on or after December 11, 2023, concerning the Incident, and **RFP 23** requests written statements referring or relating to, or reflecting, any of the allegations of the Complaint. For both of these RFPs, Plaintiff responded that he has provided emails or documents sent or received from Hassan Shabazz. Please clarify whether Plaintiff has any additional information that is responsive to these RFPs—particularly as RFP 21 requested messages that Plaintiff sent in addition to messages he received from others.

**Plaintiff's Mobile Phone – Request for Production 33**

As outlined in **RFP 33** and previously discussed with you during our 26(f) Conference and during our conversations outside the courtroom at the Court's Rule 16(b) Conference, Trooper Wyatt requests that Plaintiff produce his mobile phone for inspection and copying by a forensic professional at an agreeable time and location. Plaintiff's response to this discovery request is a reference to his objection that "the request is overly broad and far exceeds the scope of the lawsuit" and is "unnecessarily intrusive and is not reasonably calculated to lead to admissible evidence relevant to the claims in this matter."

First, as Plaintiff's response ambiguously states "See the above objection" without further explanation, please confirm that Plaintiff refuses to produce his mobile phone for inspection and copying based on Plaintiff's objection, consistent with Plaintiff's obligations under the Federal Rules and Trooper Wyatt's instructions included with his first set of RFPs.[1]

Second, Plaintiff's objection that allowing inspection and copying of his mobile phone would not lead to relevant evidence is belied by the fact that Plaintiff himself produced four videos and a screenshot which purport to be from his mobile phone. Thus, Plaintiff himself has put his mobile phone at issue to support his claims. As we have discussed, Trooper Wyatt is seeking access to Plaintiff's mobile phone so that a forensic professional can access and retrieve any historical location data and to assess any data underlying or related to the screenshot Plaintiff produced which purports to contain "Significant Location" data from December 11, 2023—particularly given that a member of your staff expressly stated:

> You will notice that the metadata for that screenshot says it was created on December 12, 2023 at 11:09 PM. ***That is not correct. The only way I could get an iPhone to show location data*** from a date further back than 24 hours ***was to manually change the date*** on the phone itself.

Attachment 1, Email from Will Amacker to Stanley Hammer, October 24, 2024 (emphasis added). It goes without saying that if Plaintiff cannot produce correct metadata and instead a member of counsel's staff manually changed the settings on Plaintiff's phone, Trooper Wyatt should be entitled to have a forensic professional inspect the phone to determine whether it is possible to obtain any reliable historical location information. A screenshot—which is only a screenshot and not an actual, traceable historical data file—based on manually changed settings is insufficient and unreliable.

---

[1] Fed. R. Civ. P. 34(b)(2)(B) ("*Responding to Each Item*. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request…."); *id.* R. 34(b)(2)(C) ("*Objections*. An objection must state whether any responsive materials are being withheld on the basis of that objection."); Def.'s First Set of Requests for Production, Instructions, ¶ 12.

In addition, irrespective of what Plaintiff has already produced, Plaintiff's relevance objection is improper on its own. By objecting on the basis that the request "is not reasonably calculated to lead to admissible evidence relevant to the *claims* in this matter" (emphasis added), Plaintiff's objection improperly narrows the scope of permissible discovery by focusing only on Plaintiff's claims and ignoring that permissible discovery includes information relevant to Trooper Wyatt's *defenses*. Fed. R. Civ. P. 26(b)(1) (emphasis added) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim *or defense*….").

In addition, as indicated in **RFPs 18** and **19**—which make the same improper relevance objection as RFP 33[2]—Trooper Wyatt seeks to obtain relevant text and social media messages and content. Much of this information may be readily obtainable from Plaintiff's mobile phone with the assistance and expertise of a forensic professional. Plaintiff did not produce any responsive information for either of these requests, which is extremely surprising given the alleged impact of the Incident on his life and the outsized role that mobile phones and social media play in our daily lives.[3]

We have no desire to invade Plaintiff's personal privacy and hope to come to agreement on a protocol for inspection and copying, including the scope of the subject matter to be examined and copied. Accordingly, we ask that Plaintiff engage in discussions that will result in the inspection and copying of Plaintiff's mobile phone.

### Plaintiff's Objection to Interrogatory 1 is Improper and Plaintiff's Answer to the Same is Deficient

Plaintiff objects to **Interrogatory 1** on the basis that it is "overly broad and not reasonably calculated to provide admissible evidence relevant in this matter." Interrogatory 1 is straightforward, seeking a complete and detailed account of Plaintiff's whereabouts on the date of the Incident. Plaintiff's objection to this interrogatory is puzzling: Plaintiff's case depends on his

---

[2] In addition to Plaintiff's improper relevance objection to RFP 18 that ignores the relevance of Trooper Wyatt's defenses, Plaintiff's response improperly limits RFP 18 to "documents related to the Incident." RFP 18 contains no such limitation. Instead, RFP 18 seeks text and social media messages that Plaintiff sent or received during the one-week period leading up to and including the date of the Incident. Trooper Wyatt is entitled to this discovery because Plaintiff's messages may shed light on issues such as Plaintiff's plans for the date of the Incident, whether Plaintiff communicated with anyone involved in the Incident, and whether Plaintiff's claims regarding his whereabouts on December 11 are true. If Plaintiff's claims are true, his messages should be consistent with them—and Trooper Wyatt is entitled to explore that.

[3] Plaintiff's response to RFP 19 indicates that he deleted an Instagram post about the Incident. While Plaintiff states that "[h]e has no record of that post," archived Instagram posts are available on a user's mobile app. Instructions for accessing archived content are available on help.instagram.com. Please clarify whether Plaintiff followed the instructions at the link in the previous sentence and attempted to access the Instagram post which he archived.

assertion that he could not have committed the crimes of which he was accused and Plaintiff asserts that his presence at a birthday party outside of his home prior to the Incident proves it. It is difficult to imagine what facts could be more relevant than a detailed accounting of Plaintiff's whereabouts on the date of the Incident, which would tend to prove or disprove Plaintiff's ability to commit the relevant crimes.

In addition, Plaintiff's response to Interrogatory 1, which outlines certain details regarding Plaintiff's alleged attendance of a birthday party for his niece on December 11, 2023, is deficient and incomplete. Interrogatory 1 requested Plaintiff to provide a complete and detailed account of where Plaintiff was on December 11 and include the relevant details set forth in Interrogatory 1.

Plaintiff's answer describes his presence at only one location on December 11—and it doesn't even provide the location, it only describes an event. It fails to include the time of arrival and departure, does not state the address, and appears to provide only a partial listing of the other individuals present. Unanswered questions responsive to Interrogatory 1 include, but are not limited to, "Where was Plaintiff on December 11 prior to his attendance at the birthday party? When did he arrive at the party? When did he depart the party? Where was the birthday party, including the address? What was the identity of all persons there? Where was Plaintiff after the birthday party? When did he arrive at that next location?"

These details are highly relevant to Plaintiff's claims and Trooper Wyatt's defenses and it should require minimal effort and investigation to provide a complete answer. Please remedy this deficient answer.

### **Plaintiff's Responses to Interrogatories 5 and 6 are Deficient**

Through **Interrogatories 5** and **6**, Trooper Wyatt asked Plaintiff to state all facts that support two of Plaintiff's key contentions: that Trooper Wyatt acted with malice (Interrogatory 5) (a required element of Plaintiff's common law malicious prosecution claim)[4] and that Trooper Wyatt's "affidavit has many material misrepresentations and omissions" (Interrogatory 6). Plaintiff did not object to either of these interrogatories, but answered both, "*See* the Complaint."

The Federal Rules expressly allow Trooper Wyatt to require Plaintiff to articulate the facts underlying his contentions. Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact…."); *e.g.*, *Res. at Winchester I, LLC v. R 150 SPE, LLC*, No. 3:21cv00008, 2022 U.S. Dist. LEXIS 177447, at *24–25 (W.D. Va. Sep. 28, 2022) ("Examples of proper contention interrogatories include asking a party to … articulate the facts underlying a contention…."). And answering interrogatories by way of general references to the Complaint runs afoul of the requirement that "[e]ach interrogatory must, to the extent it is not objected to, be answered ***separately*** and ***fully*** in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added); *Deakins v. T.S. Pack*, No. 1:10-

---

[4] *O'Connor v. Tice*, 281 Va. 1, 7 (2011).

1396, 2012 U.S. Dist. LEXIS 9409, at *67–68 (S.D. W. Va. Jan. 25, 2012) ("[A]n answer to an interrogatory should not refer to other documents such as pleadings, depositions, or other interrogatories. The answer should be complete in itself.").

Plaintiff did not object to Interrogatories 5 and 6, and his general reference to the Complaint as an answer for each is improper under the Federal Rules. Plaintiff, who filed this suit, has had more than ample time to marshal the specific factual support for his claims—particularly in light of the document and dash camera video discovery Trooper Wyatt provided as part of his Initial Disclosures two months ago. It is time for Plaintiff to comply in good faith with Trooper Wyatt's reasonable, targeted discovery requests.

\*   \*   \*

Please address the issues and deficiencies identified by January 8, 2025. If you need additional time due to the holidays, please call me and we can discuss. This letter is a good faith effort to resolve this discovery dispute without the need for Court intervention. Trooper Wyatt reserves the right, however, to seek appropriate relief from the Court if necessary.

I am out of the office next week for the Christmas holiday but am available to discuss December 30 and am generally available to discuss January 2 and thereafter. Please send me an email if you would like to set up a time.

I look forward to hearing from you.

Sincerely,

/s/

Stanley W. Hammer
Assistant Attorney General

cc: Danny Zemel (dzemel@krudys.com)
    R. Cooper Vaughan (cvaughan@oag.state.va.us)

# **<u>Attachment 1</u>**

**Hammer, Stanley W.**

| | |
|---|---|
| **From:** | Will Amacker <wamacker@krudys.com> |
| **Sent:** | Thursday, October 24, 2024 5:09 PM |
| **To:** | Hammer, Stanley W.; Vaughan, Cooper |
| **Cc:** | Mark Krudys |
| **Subject:** | Re: Logan-Patterson video data |
| **Attachments:** | IMG_5133.PNG |

Hello Stan,

I'm sorry to hear that. I was able to access the .MOV file on photos running Windows 11 Pro. If you have a different OS, you may be able to access the full properties via another app such as windows media player or from finder itself. As for the previous attachment; unfortunately we only have that as a screen shot from Mr. Logan-Patterson's phone. I am, as of now, unaware of any way to export location data from an iPhone.

Attached is a .PNG version of that screenshot. You will notice that the metadata for that screenshot says it was created on December 12, 2023 at 11:09 PM. That is not correct. The only way I could get an iPhone to show location data from a date further back than 24 hours was to manually change the date on the phone itself. You can do this with you own iPhone if you use one. While it will say you have a large number of "significant locations," you can no longer access the full list. This was phased out a few updates ago. However, changing the date will give you access to the data for ~24 hours before that date the phone now thinks it is. You will note that the screenshot says "427 records Oct 19, 2023-Oct 2, 2024. October 2 was when I took the screenshot on Mr. Logan-Patterson's phone when he came to visit the office. As such, the metadata of that .PNG refers to the time the phone thought that it was when I took the screenshot.

I am happy to discuss this over the phone tomorrow if that would be any easier.

Best,
Will

**From:** Hammer, Stanley W. <SHammer@oag.state.va.us>
**Date:** Thursday, October 24, 2024 at 2:38 PM
**To:** Will Amacker <wamacker@krudys.com>, Vaughan, Cooper <CVaughan@oag.state.va.us>
**Cc:** Mark Krudys <mkrudys@krudys.com>
**Subject:** RE: Logan-Patterson video data

Hi Will,

Thank you for the information—still working on opening the file using the Photos app as you suggest as the app is telling me that I need to download an extension to be able to display the file.

Are you able to provide any metadata or a native format of the attached screenshot?

Thanks,
Stan

**From:** Will Amacker <wamacker@krudys.com>
**Sent:** Thursday, October 24, 2024 2:17 PM

1

**To:** Hammer, Stanley W. <SHammer@oag.state.va.us>
**Cc:** Mark Krudys <mkrudys@krudys.com>
**Subject:** Logan-Patterson video data

Attorney Hammer,

Good afternoon. I am more than happy to walk you through the process of retrieving the metadata from the three videos we provided from the birthday party. I assume you are using a PC (probably a lenovo thinkpad) so I am providing instructions for that. With any of the videos selected on your desktop, open with the Photos app. I am not sure why the full metadata does show up when you open the video in Windows Media Player. Once that opens, select the information icon (lowercase i in a circle) in the lower left corner of that window. This should provide you with the date, time, and location of where the video was taken.

I have attached examples of what the metadata looks like on a Mac and on a PC. If you have any questions, please don't hesitate to reach out.

Best,
Will Amacker (He/Him)
Analyst
The Krudys Law Firm, PLC
919 East Main Street, Suite 2020
Richmond, VA 23219
wamacker@krudys.com
Office: (804) 774-7950