

# COMMONWEALTH *of* VIRGINIA
*Office of the Attorney General*

**Jason S. Miyares**
Attorney General

202 North 9th Street
Richmond, Virginia 23219
804-786-2071
FAX 804-786-1991
Virginia Relay Services
800-828-1120

**BY EMAIL (mkrudys@krudys.com)**
Mark J. Krudys
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA  23219

Re:   *Ontario Logan-Patterson v. Travis Scott Wyatt*, No. 3:24-cv-526 (E.D. Va.)
Follow-Up Regarding Deficiency Letter – Plaintiff's Responses and Objections to Trooper Wyatt's First Set of Requests for Production and Interrogatories

Dear Mark,

This letter replies to your letter sent yesterday addressing the Deficiency Letter I sent you on behalf of Trooper Wyatt on December 19, 2024. Thank you for your responses regarding Requests for Production ("RFPs") 17, 21, 22, and 23. Our position regarding the remaining discovery requests identified in the Deficiency Letter is set forth below.

**RFP 33 / RFPs 18 and 19**

Thank you for expressing openness to allowing a third party to review Plaintiff's phone. We agree to having a representative of Plaintiff present with the third party during any such review.

We cannot agree, however, to limit such a review only to information from December 11, 2023. As noted in footnote 2 of my December 19 letter, it is entirely possible that information relevant to Plaintiff's claims and/or Trooper Wyatt's defenses may be found on a date prior to December 11 or a date after December 11. We are glad to negotiate and agree on a date range and other parameters limiting the scope of the search, but not to be hamstrung only to information from the date of the Incident. Please let us know if you are willing to negotiate—otherwise we will be constrained to seek relief from the Court.

**Interrogatory 1**

Our position regarding Interrogatory 1 remains unchanged: Plaintiff's objection to Interrogatory 1 is improper and Plaintiff's answer to the same is deficient. If you are unwilling to amend and/or supplement Plaintiff's answer so that it is complete and withdraw your improper objections, we will have no choice but to move to compel.

**Interrogatories 5 and 6**

While depositions have not yet been taken, discovery has not "only just commenced" in this matter: it commenced at the conclusion of our 26(f) Conference held on September 18. Moreover, Plaintiff did not "only recently receive[] written reports from the troopers on scene"; Plaintiff received those reports in the document production provided with Defendant's Initial Disclosures served over two-and-a-half months ago on October 16.

More to the point, and as stated in my December 19 letter, Plaintiff did not object to Interrogatories 5 and 6 in his Objections served on November 27. The objections outlined in your letter are therefore waived. E.D. Va. Loc. Civ. R. 26(C); Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *e.g.*, *Cappetta v. GC Servs. Ltd. P'ship*, No. 3:08CV288, 2008 U.S. Dist. LEXIS 103902, at *5 (E.D. Va. Dec. 24, 2008) (Lauck, J.).

Our position regarding the deficiency of Plaintiff's answers of "*See* the Complaint" to Interrogatories 5 and 6 remains unchanged. Plaintiff is in a position to marshal specific factual support for his claims, particularly with the document discovery he has already received. Plaintiff's objections to these interrogatories are waived, and Plaintiff must answer them completely and with specificity now. If Plaintiff uncovers information later in discovery that bears on his answers, he can supplement or amend them consistent with the Federal Rules.

Please let us know if you are holding to your position—if so, we will again have no choice but to move to compel.

Sincerely,

/s/

Stanley W. Hammer
Assistant Attorney General

cc: Danny Zemel (dzemel@krudys.com)
    R. Cooper Vaughan (cvaughan@oag.state.va.us)