UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ONTARIO LOGAN-PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:24-cv-526 |
| | ) | |
| TRAVIS SCOTT WYATT, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREED PROTOCOL REGARDING COLLECTION AND ANALYSIS OF ESI FROM
PLAINTIFF ONTARIO LOGAN PATTERSON'S MOBILE PHONE**

This Agreed Protocol Regarding Collection and Analysis of ESI from Plaintiff Ontario Logan-Patterson's Mobile Phone ("Protocol") is made by and among Plaintiff Ontario Logan-Patterson ("Plaintiff"), Defendant Travis Scott Wyatt ("Defendant") (Plaintiff and Defendant collectively are "the Parties"), and Defendant's retained consultant, ArcherHall, LLC ("ArcherHall"), as of the last date set forth on the signature page hereof (the "Effective Date").

Plaintiff and Defendant are parties to the above-styled action filed by Plaintiff in the United States District Court for the Eastern District of Virginia (the "Lawsuit").

To facilitate the exchange of information consistent with Defendant's discovery requests, and in an effort to address the legitimate privacy concerns of Plaintiff, the Parties agree as follows:

1. To enable ArcherHall's collection and analysis of data pursuant to the terms of this Protocol, Plaintiff will provide his representative the mobile phone that was in his use and possession as of December 2023 ("Plaintiff's Mobile Phone"), and permit ArcherHall to forensically extract data from Plaintiff's Mobile Phone for the Parties' review.

2. Defendant agrees to pay for all of ArcherHall's fees associated with the terms of this Protocol.

3. In collecting and analyzing electronically stored information ("ESI") from Plaintiff's Mobile Phone, and otherwise handling Plaintiff's Mobile Phone, ArcherHall will only act in accordance with this Protocol.

4. The collection shall be conducted at ArcherHall's office, located at 6802 Paragon Place, Suite 410, Richmond, Virginia 23230, at a date and time which shall be agreed to in advance by the Parties. Plaintiff's representative shall bring Plaintiff's Mobile Phone to ArcherHall's Office for the collection. Plaintiff's Mobile Phone shall be in working order and

Plaintiff's representative shall have the passcode necessary to unlock Plaintiff's Mobile Phone. If any additional usernames, passcodes, passwords, PIN numbers, two-factor authentication, or additional security questions are required to access ESI, Plaintiff's representative will communicate promptly with Plaintiff by phone and provide the necessary information to ArcherHall to ensure there is no impediment to ArcherHall's access.

5.   ArcherHall will perform its data collection and promptly return Plaintiff's Mobile Phone to Plaintiff's representative on the same day as the data collection according to the procedure below. ArcherHall will:

   A.   take custody of Plaintiff's Mobile Phone;
   B.   use imaging software to download all available data;
   C.   load the image to verify imaging was successful; and
   D.   promptly return the device to Plaintiff's Representative.

6.   Using the data collected, ArcherHall will perform an analysis only on data created on December 11, 2023, only in the following categories:

   A.   location data (including iPhone Significant Location data);
   B.   messages (including text messages, iMessages, WhatsApp messages, SnapChat, and social media messages);
   C.   photos and videos; and
   D.   calls (including voice calls, WhatsApp calls, and FaceTime calls).

7.   Defendant shall provide ArcherHall with a copy of the Protective Order entered in this matter, and prior to ArcherHall's data collection and analysis as described above, ArcherHall's representative shall acknowledge in writing to the Parties that he has reviewed and understands the Protective Order. ArcherHall will at all times treat all information obtained hereunder as confidential under the Protective Order.

8.   ArcherHall will provide the data it obtains pursuant to Section 6 to the Parties for their review. Defendant reserves the right to seek analysis of additional data beyond the parameters of Section 6 consistent with the scope of discovery allowed under Federal Rule of Civil Procedure 26(b). Nothing in this Protocol shall be construed to alter the Parties' discovery obligations under the Federal Rules of Civil Procedure.

9.   ArcherHall will retain a copy of all imaged data from Plaintiff's Mobile Phone during the pendency of the litigation, including a record of the MD5 and or SHA1 Hash values of the files and images to later verify the integrity of the original evidence should such be necessary. All such copies and information shall be maintained in strict confidentiality by ArcherHall pursuant to the terms of the Protective Order. All forensic images or extractions acquired by ArcherHall shall be destroyed immediately at the conclusion of the litigation and associated appeals, if any.

**IN WITNESS WHEREOF**, the Parties and ArcherHall have executed this Agreement to be effective as of the Effective Date.

**ONTARIO LOGAN-PATTERSON**

_____
Mark J. Krudys
Danny Zemel
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, Virginia 23219
mkrudys@krudys.com
dzemel@krudys.com
*Counsel for Plaintiff*

**TRAVIS SCOTT WYATT**

_____
Stanley W. Hammer
R. Cooper Vaughan
Assistant Attorneys General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
shammer@oag.state.va.us
cvaughan@oag.state.va.us
*Counsel for Defendant Travis Scott Wyatt*

**ARCHERHALL**

_____
Patrick J. Siewert
Director – Digital Forensics & eDiscovery
ArcherHall
psiewert@archerhall.com
6802 Paragon Place, Suite 410
Richmond, VA 23230