**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

ONTARIO LOGAN-PATTERSON,
    Plaintiff,

        v.                                    Civil Action No.  3:24-cv-00526 (MHL)

TRAVIS SCOTT WYATT,
    Defendant.

**ORDER**
**Regarding Procedures for Follow-Up Settlement Conference**

The Court has scheduled this case for a follow-up settlement conference on **June 2, 2025** at **9:30 A.M.** At that time, the parties and their counsel shall report to the chambers of Magistrate Judge Mark R. Colombell. The following shall govern the progress of the follow-up settlement conference:

**Attendance of Parties and Counsel**

1(a). In addition to counsel, **each party must have a representative physically present with the full authority to settle this action**.  If an individual is a named party, that individual must be personally present at the settlement conference. If a business entity (or entities) is/are involved, each entity must have a representative with full authority to settle the case on behalf of that entity physically present.

1(b). For purposes of this Order, a defense representative has full authority if the representative has the authority to settle the case up to the value of the last demand by the Plaintiff(s).  A defense representative should have full authority even if the representative does not expect or intend for the case to settle at the value of the last demand by the Plaintiff(s).

1(c). **The failure of a party to have a representative physically present with full authority to settle the case may result in the imposition of sanctions upon that party.**

1(d). In accordance with Local Rule 83.1(E)(1)(b), any attorney appearing *pro hac vice* must be accompanied by local counsel.

### *Ex Parte* Submissions

2(a). The parties shall submit brief *ex parte* memoranda to chambers via email no later than **May 23, 2025,** detailing case developments, position updates, and settlement negotiations.

2(b). Due to the *ex parte* nature of the settlement memorandum, it should be delivered directly to the Court's chambers (either by e-mail or by hand delivery of a hard copy) and <u>not</u> filed with the Clerk's Office.

2(c). The memorandum will be considered and maintained on a confidential basis until resolution of the case, when the memorandum will then be destroyed.

2(d). The memorandum will <u>not</u> be exchanged (or its contents discussed) with opposing parties or counsel by the Court without prior permission.

### Exchange of Settlement Offer and Demand

3(a). **The Court will allot three (3) hours for the settlement conference.** Therefore, the parties must be prepared to move forward in an expeditious manner during the settlement conference.

3(b). By **May 27, 2025** the parties shall communicate the latest settlement offers exchanged to chambers via email.

### Electronic Device Authorization

4(a). Consistent with the requirements of this Court's Electronic Devices Policy, cellular phones and smart watches may be brought into any Eastern District of Virginia Courthouse without prior authorization of the Court. However, all visitors bringing cellular telephones or smart watches will be required to place their device(s) into a Yondr Pouch upon entering the Courthouse.

4(b). All personal electronic devices other than cell phones and smart watches are prohibited

from entry into the courthouse without prior authorization. Should counsel or party representatives desire to bring any such devices to the settlement conference, counsel must complete the attached Request for Authorization "Request for Authorization to bring electronic device(s) into the United States District Court for the Eastern District of Virginia."[1]

4(c). **Counsel are directed to complete and submit this form to chambers when they submit their *ex parte* memoranda.**

4(d). **Counsel are advised that electronic authorization request forms received within forty-eight (48) hours of the settlement conference date will be denied.**

4(e). On the date of the settlement conference, counsel shall bring a physical copy of the authorization form, signed by Judge Colombell or his law clerk, for inspection by court security officers.[2]

If the matter is not settled, the Court will simply inform the designated trial judge that the matter was not resolved despite the parties' good faith efforts (provided that the parties comply with the conditions of this Order and act in good faith during the settlement conference).

The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

/s/ MRC
Mark R. Colombell
United States Magistrate Judge

Richmond, Virginia
Date: April 29, 2025

---

[1] The form may also be accessed at the form can be accessed at
https://www.vaeb.uscourts.gov/sites/vaeb/files/ElecDeviceRequestForm.pdf

[2] Each individual named on the authorization form must bring his or her own physical copy of the authorization form for inspection by court security officers.

3